IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STUART TODD GREGORY,<br><br>    Plaintiff,<br><br>  vs.<br><br>DISTRICT COURT OF THE THIRD CIRCUIT, STATE OF HAWAII; WAYNE GONSALVES; BARBARA HIGA ROGERS; DOUGLAS FREITAS; JUDGE PERKINS; JUDGE BARBARA TAKASE; MITCH ROTH; JEFF GREGORY; GWEN LINKLE,<br><br>    Defendant. | CIVIL NO. 21-00471 SOM/KJM<br><br>ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DISMISSING COMPLAINT; ORDER DENYING
AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION.**

On November 30, 2021, Plaintiff Stuart Todd Gregory filed a Complaint with accompanying exhibits as well as an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 1-3. Pursuant to 28 U.S.C. §§ 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

**II.     FACTUAL BACKGROUND.**

This court has great difficulty understanding the Complaint and finds it sometimes illegible. From what the court can glean, Gregory was arrested in 2014. It appears that Gregory

believes the police were subjected to some kind of sonic wave or electromagnetic pulse that caused the police to act aggressively. *See* ECF No. 1, PageID #1, and no. 3, PageID # 13.

According to a state-court docket sheet Gregory submitted as an exhibit, he was arrested and charged with terroristic threatening in violation of section 707-716(1)(e) of Hawaii Revised Statutes, as well as two counts of assault on a law enforcement officer in violation of section 707-712.5(1)(a) of Hawaii Revised Statutes. *See* ECF No. 3, PageID # 26. According to the docket, of which this court takes judicial notice, Defendant Mitchell Roth was the prosecutor in the case. *See* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (enter Case No. 3DCW-14-0003385).

Defendant Barbara Takase was the judge who initially set Gregory's bail at $3000. *See* ECF No. 3, PageID # 27. The State moved for a mental health examination of Gregory. Defendant Barbara Higa Rogers examined Gregory and submitted a report to the court. *See* ECF No. 3, PageID # 28. Based in part on that report, Judge Harry P. Freitas found Gregory unfit to proceed with the criminal charges against him and committed Gregory to the custody of the State of Hawaii, Department of Health. *See* ECF No. 3, PageID #s 29-30. Gregory continued to be examined by mental health professionals, including Rogers, and

Judge Takase subsequently found that Gregory remained unfit to stand trial.  *See* ECF No. 3, PageID #s 31-32.

It appears that Gregory was transferred from custody on the Big Island of Hawaii to Kahi Mohala, a medical center on Oahu specializing in mental health issues.  "Judge Perkins" allegedly signed off on the transfer.  *See* ECF No. 1, PageID # 1.  The court takes judicial notice that this could be a reference to Circuit Court Judge Richard Perkins, who works on Oahu.

In September 2017, Judge Peter Bresciani found Gregory unfit to stand trial and unlikely to regain fitness to stand trial in the future.  Accordingly, pursuant to chapter 704 of Hawaii Revised Statutes, which pertains to penal responsibility and fitness to proceed, the judge dismissed the criminal charges against Gregory.  *See* ECF No. 3, PageID # 37.  It appears that Gregory is seeking to expunge his record.  *See* ECF No. 1, PageID # 5.

Another Defendant named in the Complaint, Wayne Gonzalves, is apparently Gregory's neighbor, who allegedly leaves cars on the road in front of Gregory's house.  *See* ECF No. 1, PageID # 2.

Gregory also names as a defendant Douglas Freitas.  However, there are no allegations in the Complaint pertaining to him that explain who he is or what he allegedly did to harm Gregory.

Gregory names his brother, Jeff Gregory, as a defendant, alleging that his brother sold Gregory's "House OF ASSETS." ECF No. 1, PageID # 3.

Finally, the last defendant Gregory names is Gwen Linkle,[1] who may be employed by Kahi Mohala.

### III.	STANDARD.

To proceed in forma pauperis, Gregory must demonstrate that he is unable to prepay the court fees, and that he sufficiently pleads claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens his Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples of the latter class . . . are claims describing fantastic or delusional scenarios.").

---

[1] The court experienced great difficulty in deciphering Gregory's handwriting. The reference to Gwen Linkle may well be a reference to Gwen Lin Kee.

**IV.     ANALYSIS.**

The factual allegations in the Complaint fail to assert any viable claim supported by sufficient factual allegations. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

From what this court can glean from the Complaint, Gregory is asserting that his constitutional right to a trial on the charges against him was denied. Such a claim would be actionable under 42 U.S.C. § 1983. *See* ECF No. 1, PageID # 4

(describing the basis of this court's jurisdiction). However, according to the exhibits accompanying the Complaint and the state-court docket, which this court takes judicial notice of, the charges against Gregory were dismissed when the state court found him unfit to proceed to trial and unlikely to regain that fitness. Accordingly, Gregory did not proceed to a trial on the charges against him because those charges were dismissed. Gregory's Complaint therefore lacks factual allegations supporting any claim that the state court improperly denied him a right to a trial.

To the extent Gregory may be seeking expungement of his arrest record, not only might he be ineligible for such expungement and have failed to name the proper defendant with respect to such a claim, the relief sought does not appear to fall within this federal court's authority. *See* Haw. Rev. Stat. § 831-3.2(a)(4) (providing process for expungement of arrest records upon application to the attorney general for the State of Hawaii unless the case involves "a person who was involuntarily hospitalized pursuant to section 706-607, or who was acquitted or had charges dismissed pursuant to chapter 704 due to a physical or mental disease, disorder, or defect").

Viewed liberally in Gregory's favor, the Complaint might be asserting that Gregory was denied the right to a trial while he was undergoing a mental health examination and while he

was being held in a mental health facility before the charges were dismissed.  But the Complaint lacks factual allegations concerning who may be liable for any alleged wrongdoing in placing Gregory in the mental health facility.  Even if the court assumes that Judge Takase or Judge Perkins ordered Gregory to be held in a mental health facility or to undergo mental health testing, the judges have judicial immunity with respect to actions taken in their judicial capacities.  The Supreme Court has stated that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553-4 (1967).  Judicial immunity therefore bars all claims in the Complaint that relate to and arise out of the judges' performance of their judicial duties.  *See id.*

To the extent Gregory asserts claims against Mitchell Roth, the prosecutor with respect to the charges against him, Roth has prosecutorial immunity.  Absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir.2001) (internal

quotation marks and citation omitted). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* (internal quotation marks and citations omitted). On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Gregory's claims against Roth are not fully explained and appear to be based solely on actions and decisions that Roth took in the course of his role as an advocate for the State during the prosecution.

It is not at all clear from the allegations in the Complaint what role Defendant Barbara Higa Rogers played in the mental health examination of Gregory. It appears from the state-court docket that Dr. Rogers submitted a report to the court with respect to Gregory's fitness to stand trial. But the Complaint itself lacks factual allegations with respect to what Rogers did sufficient to put her on notice of the claim(s) against her. This court is additionally concerned that Dr. Rogers may have quasi-judicial immunity with respect to the claim(s), as it appears that she may have been asked by the court to conduct a mental health examination of Gregory on behalf of the court and

thereafter provided the court with a report with respect to his mental fitness. *See* ECF No. 3, PageID #s 28-29. The Ninth Circuit has held that court-appointed psychiatrists have quasi-judicial immunity from damages liability for acts committed "in the performance of an integral part of the judicial process," such as preparing and submitting medical reports that allegedly contained false statements of fact and omitted material facts. *See Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970) (per curiam).

The Complaint is not clear with respect to what claim(s) may be asserted against the other defendants. For example, Defendant Wayne Gonzalves is allegedly Gregory's neighbor. Gregory alleges that Gonzalves leaves cars on the road in front of Gregory's house. *See* ECF No. 1, PageID # 2. But Gregory does not identify what legally cognizable claim is being asserted relating to the parking of cars on the road.

There are no allegations whatsoever with respect to Defendant Douglas Freitas. Accordingly, no viable claims are being asserted against him.

To the extent the Complaint names Gregory's brother, Jeff Gregory, as a defendant, it is not clear what actions the brother may have taken that harmed Gregory. At best, the Complaint alleges that the brother sold Gregory's "House OF

ASSETS." ECF No. 1, PageID # 3. No factual basis is provided for such a claim.

Finally, the Complaint lacks factual allegations with respect to Defendant Gwen Linkle, who may be employed by Kahi Mohala.

The Court therefore dismisses the Complaint, as it fails to allege any viable claim supported by sufficient factual allegations.

**V.       CONCLUSION.**

Gregory's Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Gregory leave to file an Amended Complaint that states a viable claim no later than January 4, 2022.** Gregory may submit another IFP Application at that time. Failure to file an Amended Complaint by January 4, 2022, as well as to pay the applicable filing fee or submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Gregory should he decide to file an Amended Complaint. First, Gregory should attempt to write as legibly as possible and should avoid writing words haphazardly on pages. If this court cannot read Gregory's writing or follow his thought process, important information may be missed. Should Gregory use a court form, he may, of course,

submit additional pages in lieu of writing words all over the form in a manner that makes it difficult to understand.

Second, Gregory should state in simple language what each Defendant allegedly did and what statute, law, or duty was supposedly breached by the particular Defendant.  In other words, Gregory should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.

Finally, Gregory should articulate the relief he is seeking.  That is, if he is seeking monetary damages, he should say so clearly and identify the defendant(s) from whom he is seeking such damages.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 3, 2021.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Gregory v. District Court of the Third Circuit, State of Hawaii, et al.*, Civ. No. 21-00471 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS

11